UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIGUEL HARRIS,

       Petitioner,

v.

CASE NO. 2:06-CV-12696
HONORABLE AVERN COHN

DAVID BERGH,

       Respondent.
                                             /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Miguel Harris ("Petitioner"), a Michigan prisoner, was convicted of second-degree murder, assault with intent to rob while armed, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2002. He was sentenced to concurrent terms of 20 to 30 years imprisonment on the murder and assault convictions, a concurrent term of 2 to 5 years imprisonment on the felon in possession conviction, and a consecutive term of 2 years imprisonment on the felony firearm conviction. In his *pro se* petition for writ of habeas corpus, Petitioner raises an illegal arrest claim. For the reasons that follow, the petition will be denied.

### II. Facts and Procedural History

Petitioner's convictions arise from the shooting death of Kenneth Johnson and the assault of Paula Wilson which occurred during a robbery committed with co-defendant Jerrod Phillips at the victims' apartment in Detroit, Michigan on August 19,

2000.

Prior to trial, Petitioner filed a motion to suppress his police statement, which was denied by the trial court.[1] Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising several claims of error, including the illegal arrest claim contained in the present petition. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Harris*, No. 246882, 2004 WL 2951959 (Mich. Ct. App. Dec. 21, 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the illegal arrest claim, which was denied. *People v. Harris*, 474 Mich. 951 (2005).

Petitioner thereafter filed his federal habeas petition raising the following claim:

Defendant was deprived his Ams V and XIV rights of due process and his Am IV right to be secure from unlawful arrest when he was arrested without probable cause.[2]

Respondent has filed an answer to the petition asserting that the illegal arrest claim does not warrant federal habeas relief.

---

[1] The motion focused on the voluntariness of Petitioner's police statements, but the parties' questioned the witnesses on facts related to the illegal arrest issue at the suppression hearing.

[2] Although Petitioner attached his brief on appeal to the Michigan Court of Appeals which raised the additional claims of improper evidence, ineffective assistance of counsel, and prosecutorial misconduct, Petitioner lists the illegal arrest issue as the sole ground presented for habeas review. Moreover, Petitioner did not present those claims to the Michigan Supreme Court on direct appeal, such that the claims are unexhausted in the state courts and not ripe for habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

## III. Analysis

### A. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this

3

> Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

The AEDPA also requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Illegal Arrest Claim

Petitioner asserts that he is entitled to habeas relief because the police lacked probable cause for his arrest such that his police statements should have been suppressed at trial. Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See People v. Harris*, 95

4

Mich. App. 507, 509 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claim. The record reveals that Petitioner challenged the admission of his police statements by filing a motion to suppress that evidence prior to trial. The state trial court conducted an evidentiary hearing and denied the motion. Petitioner then specifically raised the illegal arrest issue before the Michigan Court of Appeals and the Michigan Supreme Court, which denied him relief. Given this record, it is clear that the Michigan courts, particularly the appellate courts, were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Accordingly, any claim concerning the validity of the search and seizure is not cognizable on habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted.

## IV. Conclusion

For the reasons stated, Petitioner has failed to show that the state court decisions denying him relief are contrary to United States Supreme Court precedent or constitute an unreasonable application of federal law or the facts. Accordingly, the petition for writ of habeas corpus is **DENIED**.

**SO ORDERED**.

Dated: September 12, 2007     s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Miguel Harris, 262192, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 on this date, September 12, 2007, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160